IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA TAMBERELLI,<br>            Plaintiff,<br><br>      v.<br><br>ALKERMES, INC.,<br>            Defendants. | CIVIL ACTION<br><br>No. 3:16-cv-01681-RDM |

## DECLARATION OF DANA TAMBERELLI

1.  I am over the age of eighteen. I have personal knowledge of the facts in this Declaration and, if asked, could competently testify to these facts.

2.  I retained George Kounoupis, Esquire and his firm, Hahalis & Kounoupis, P.C. ("H&K") to represent me in the above-captioned claim on or about August 6, 2015.

3.  H&K filed a Complaint in the above matter on or about August 12, 2016, and an Amended Complaint on or about January 12, 2017.

4.  Although I was originally under the impression that Mr. Kounoupis was going to be primarily handling my case, various attorneys, other than Mr. Kounoupis, were assigned to work on my file at H&K.

5.  In late January or early February 2017, I met with Mr. Kounoupis to discuss my case and specifically, my dissatisfaction with David Deratzian, Esquire, who was handling my file at the time.  In response, Mr. Kounoupis told me that Littler Mendelson, P.C., counsel for the Defendants in this case, is the largest and most expensive law firm in Philadelphia and that he used to work for them. In addition, he advised that Mr. Deratzian had a thirty-year relationship with Barbara Rigo, the attorney from Littler Mendelson assigned to defend my case.

6.  On or about March 30, 2017, Mr. Deratzian notified me that my deposition was scheduled for

June 6, 2017.

7. On or about May 16, 2017, Mr. Deratzian emailed me to schedule my deposition preparation and to discuss upcoming expenses in the case.

8. Ultimately, the preparation for my deposition was scheduled for June 5, 2017.

9. On or about May 16, 2017, Mr. Deratzian told me that the litigation costs in my case were going to be approximately ten times (10x) higher than the prior associate, Rebecca Mitchell, had advised me they would be. He said I needed to be prepared to incur and pay out-of-pocket costs of $6,000-$8,000 in the next few weeks.  I explained to him that I was just starting a new job and needed some time to get together the money to pay for all the anticipated expenses.

10. On June 5, 2017, I met with Mr. Deratzian in his office. However, I would not describe the meeting as preparation for my deposition. Instead, Mr. Deratzian spent the meeting strongly urging me to settle my case because he continued to tell me that I had "no case" and that I would not do well at my deposition.

11. Mr. Deratzian told me that he had reviewed the documents produced by Defendants and that there were issues raised therein that I could not successfully overcome.

12. Despite my attempt to address the contents of the documents produced by Defendants of which Mr. Deratzian was concerned, Mr. Deratzian responded, "it doesn't matter. You don't have the money to go through depositions." He refused to review the documents with me and reiterated that he did not believe I could win my case.

13. I responded that Ms. Mitchell had given me a very different estimation of anticipated expenses in the case, and that no one from H&K explained to me at the outset of my case what anticipated and/or expected costs of litigation would be.

14. Throughout our meeting, I continually questioned why Mr. Deratzian did not believe I had a

case.

15. Mr. Deratzian seemed very upset, and continued to emphasize that I previously told him I did

    not have the money to pay for the litigation costs, and as such, he felt settling the case that

    day was best.

16. He was also extremely critical of the fact that I was sitting with my arms crossed in a

    defensive posture, and commented that if I was being defensive with him, he would expect I

    would do the same thing at my deposition and cause me not to perform well.   I told him I

    was defensive because it seemed to me that my own attorney had given up on me and

    adopted the Defendants' position in the case.

17. I was not aware that Mr. Deratzian had previously broached the subject of settlement with

    defense counsel on June 2, 2017 in advance of the deposition prep and my scheduled

    deposition.

18. Because Mr. Deratzian continued to tell me that my case was not worth much, I told him that

    I was open to the possibility of settlement even though I did not agree with his assessment of

    my case.

19. I told Mr. Deratzian my settlement demand, and he said "absolutely not." I posed different

    settlement demands, each of which he rejected and told me the Defendants were not going to

    pay those demands.

20. I told Mr. Deratzian I was feeling sick and that I needed to get some air. We both left the

    conference room where we were meeting, and Mr. Deratzian allegedly made a phone call to

    defense counsel.

21. He returned with an offer that I immediately refused.  He responded, "well you have no case,

    it's either that or nothing." I told him that we should proceed with my deposition, and he

    again reiterated that I would not do well. He said he would see what else we could get and

explained that if I settled my case, I would need to sign a settlement agreement. I told him

that **IF** a settlement was reached, I would sign the appropriate paperwork.

22. After Mr. Deratzian left the room again, I began reviewing the documents provided by

defense counsel which were on the conference room table, many of which I had provided to

H&K when I retained the firm, including the email which purported to form the basis for my

termination. When Mr. Deratzian returned, I pointed out to him that some of the documents I

reviewed actually supported my contentions in the case and that I could prove that the

contents of other documents were incorrect or factually inaccurate, which he said did not

matter. He conveyed the second offer, which I also flatly and unequivocally rejected.

23. Mr. Deratzian made a third phone call and returned with a third offer, which I again rejected.

At that point, I stood up and left the office extremely upset as I knew I had a deposition the

next day and I had not been prepared at all for it.

24. I left H&K that afternoon without agreeing to settle my case and as such, believing that my

deposition was still going forward.

25. I did not receive an email from Mr. Deratzian on June 5, 2017 confirming my alleged

settlement with Defendants.

26. Later that same day, June 5, 2017, I placed two phone calls at 4:12pm and 4:13pm and sent

three emails at 4:04pm, 4:16pm, and 6:24pm to Mr. Deratzian confirming that I did not agree

to settle my case and intended to proceed with my deposition; I received no response from

Mr. Deratzian or his office to one of my emails or phone calls on June 5th or through the

morning hours of June 6, 2017. (Attached hereto as **Exhibit "A"** are true and correct copies

of my June 5, 2017 emails to Mr. Deratzian.)

27. On June 6, 2017, I appeared at Littler Mendelson, P.C.'s office in Philadelphia at 9:55am for

my scheduled deposition.  When I arrived, I noticed that Mr. Deratzian was not there.  Paul

Sopher, Esquire of the Littler firm advised me that my deposition was canceled because my attorney informed defense counsel that I accepted an offer to settle my case. I advised Mr. Sopher that I did not agree to settle my case nor did I sign anything. I asked Mr. Sopher for his business card so that I would know with whom I had spoken.

28. While I was driving home from Philadelphia, I received a call from H&K which I did not answer. When I listened to the voicemail, it was from the secretary at H&K asking me to call Mr. Kounoupis immediately.

29. On June 6, 2017 at 9:47pm, I emailed Mr. Deratzian to express my dissatisfaction with his failure to appear at my deposition and to respond to my five (5) prior communications. (Attached hereto as **Exhibit "B"** is a true and correct copy of my June 6, 2017 email to Mr. Deratzian.)

30. Mr. Deratzian responded on June 7, 2017 at 6:52am explaining that my "depression" was cancelled because my case allegedly settled during the meeting on June 5. (Attached hereto as **Exhibit "C"** is a true and correct copy of Mr. Deratzian's June 7, 2017 email.)

31. At no time in June 2017 did I receive any correspondence from my former attorneys at H&K confirming that I had authorized a settlement of my case, nor did I receive any correspondence from my prior attorneys outlining the terms of any purported settlement.

32. On or about June 14, 2017, Mr. Kounoupis wrote to me offering to reduce his attorney's fee on my purported settlement. (Attached hereto as **Exhibit "D"** is a true and correct copy of Mr. Kounoupis's June 14, 2017 letter.)  I did not respond to Mr. Kounoupis as I never authorized them to settle my case.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Lackawanna County this 8th day of November, 2017.

DANA TAMBERELLI

EXHIBIT "A"

From: Dana Tamberelli <tamberelli@me.com>
Subject: Re: Tamberelli v. Alkermes - Production of PSTs
Date: June 5, 2017 at 6:24:58 PM EDT
To: Law - Konoupis - David Deratzian <David@employmentlaw-lv.com>

I'M NOT SIGNING ANYTHING... PERIOD.    I NEED TO SPEAK WITH GEORGE!

DANA

(570) 862-1200 CELL


On Jun 5, 2017, at 4:14 PM, Dana Tamberelli <tamberelli@me.com> wrote:
David,

These complaints were all fabricated.   This is preposterous!

I need more time.   This cannot be sprung on me.   This is pure evil.

Dana

On Jun 5, 2017, at 4:06 PM, Dana Tamberelli <tamberelli@me.com> wrote:
TODAY DOES NOT FEEL RIGHT TO ME.    SUCH CROOKS.


On May 18, 2017, at 11:26 AM, David Deratzian <David@employmentlaw-lv.com>
wrote:
BTW, could you please address the following:


1.      Produce all documents reflecting communications or

correspondence that you have had with former or current

employees of Defendant at any time since your employment

ended.

2.      Produce all documents, including but not limited to

social media content, including any profiles, postings, or

messages, or other communications, including status updates, wall comments, causes joined, groups joined, activity stream, blog entries, third-party communications, photographs and videos, concerning any communication or statement, whether oral or written, between you and any other person, including but not limited to participants in or witnesses to any of the incidents or actions alleged by you in your Complaint, regarding your employment with Defendant or allegations as set forth in the Complaint.

3.   Please provide your 2016 tax return and any W-2s

4.   Please provide income information since February.

I need this by the end of next week.


D

**David L. Deratzian | Attorney at Law | Hahalis & Kounoupis, P.C.** | 20 East Broad Street | Bethlehem, PA 18108| Telephone: (610) 865-2608| Fax: (610) 691-8418 | Direct Fax: (215) 790-6214

David@employmentlaw-lv.com   | www.Employmentlaw-lv.com

 Help protect our environment by printing this document only if necessary.

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.
Thank you.

EXHIBIT "B"

From: Dana Tamberelli <tamberelli@me.com>
Sent: Tuesday, June 6, 2017 9:47:23 PM
To: David Deratzian
Subject: Where were you today??

Hahalis & Kounoupis Pc:

I attended my deposition today at 10AM and found myself without representation. The other attorney claimed they were told it was canceled after you informed them I "signed a deal" (which I did not).

In fact, I stated the opposite in 3 emails to you yesterday at the times of 16:06, 16:14, & 18:24. I also called you twice at 16:12 & 16:13 on 6/5/17 and had not received any call backs or communication from you for nearly 24 hours (long after the deposition).

This is very unprofessional.

Dana Tamberelli


Sent from my iPhone

EXHIBIT "C"

From: David Deratzian <David@employmentlaw-lv.com>
Subject: Re: Where were you today??
Date: June 7, 2017 at 6:52:16 AM EDT
To: Dana Tamberelli <tamberelli@me.com>

Dana,


Your case settled on Monday during our meeting, as you well know.  As a result, your
depression was cancelled, as you also knew.   The other attorney was also not there to
take your deposition.  We tried to call you all afternoon in response to your
messages.  If you want to discuss this, George will be more than happy to speak with
you today.

David
_____
From: Dana Tamberelli <tamberelli@me.com>
Sent: Tuesday, June 6, 2017 9:47:23 PM
To: David Deratzian
Subject: Where were you today??

Hahalis & Kounoupis Pc:

I attended my deposition today at 10AM and found myself without representation. The
other attorney claimed they were told it was canceled after you informed them I "signed
a deal" (which I did not).

In fact, I stated the opposite in 3 emails to you yesterday at the times of 16:06, 16:14, &
18:24. I also called you twice at 16:12 & 16:13 on 6/5/17 and had not received any call
backs or communication from you for nearly 24 hours (long after the deposition).

This is very unprofessional.

Dana Tamberelli


Sent from my iPhone


Sent from my iPhone

EXHIBIT "D"

LAW OFFICES

# HAHALIS & KOUNOUPIS, P.C

A PROFESSIONAL CORPORATION

20 EAST BROAD STREET
BETHLEHEM, PENNSYLVANIA 18018
TELEPHONE: (610) 865-2608
OUTSIDE PENNSYLVANIA: (800) 865-2608
TELEFAX: (610) 691-8418
EMAIL ADDRESS: HKLAW@PTD.NET
WWW.EMPLOYMENTLAW-LV.COM

GEORGE A. HAHALIS
(1965-1995)
GEORGE S. KOUNOUPIS^
NANCY S. SKALANGYA
DAVID L. DERATZIAN^
REBECCA MITCHELL^
STEVEN D. CAHN †
OF COUNSEL

^ALSO MEMBER NJ BAR
† MEMBER NJ BAR ONLY

EASTON OFFICE
731 LEHIGH STREET
EASTON, PA 18042

NEW JERSEY OFFICE
1015 NEW DURHAM ROAD
EDISON, NEW JERSEY 08817
**PLEASE REPLY TO BETHLEHEM**

June 14, 2017

**SENT VIA EMAIL ONLY:** Tamberelli@me.com
Ms. Dana Tamberelli
1250 Country Club Rd.
Clarks Summit, PA 18411

> Re:   Refusal to Accept Settlement of Case/Refusal to Follow Advice of Counsel/
> Immediate Action Needed

Dear Ms. Tamberelli:

I am writing to you to resolve the dispute that has arisen between you and this office out of the settlement of your case last week.  I understand that you met with David Deratzian of this office on Monday June 4th to prepare for your deposition. Mr. Deratzian had sent you all of the discovery materials that we had received from the Defendant, and asked you to review them so that you could be prepared to discuss your deposition testimony, which was scheduled for the next day, June 6th.  However, when you appeared for the meeting on June 5th, you had not reviewed the materials.  Because there were approximately 9,000 pages, it would have been impossible for you to be adequately prepared for your deposition.

That notwithstanding, the more important issues was the fact that Alkermes had documented years of poor performance and misconduct. This all culminated in an email that you sent a day or two before you were ultimately terminated in June of 2015. It was clear to us from the records that were produced that up until that moment there was absolutely no intent to terminate or discipline you in any way. It was also clear that the sole reason for termination and the only time the termination was ever even discussed was after you sent this email.

Mr. Deratzian therefore shared the fact that we believed that your case had very little chance of being successful, and that we should engage with the other side to try to settle the case before you had to be deposed. Mr. Deratzian also shared that he thought you would not do well at the deposition.  I observed that you spent approximately two hours discussing your case.  I understand that you were focused on the "lies" that they were telling about you in the

documents, and how the customer complaints were fabricated by Michael Bauer. This ignores the fact, which I cannot emphasize too strongly, that the grounds for termination had nothing to do with customer complaints or Bauer, and were based solely on the e-mail that you sent. You need to understand that any one incident of <u>insubordination</u>, whether instigated or not, is enough to justify termination. Period. You cannot send e-mails that attack or in any way disparage the employer but must always <u>comply and then grieve.</u> You do what they say and object <u>reserving your rights. You do not refuse.</u> There is no defense to this.

In the end, you agreed that the case should be settled. After some back-and-forth with Alkermes lawyer, Mr. Deratzian was able to determine that the most they would settle for was $37,500, which was offered. Mr. Deratzian discussed the terms of the settlement (no rehire, confidentiality, mutual non-disparagement, etc.) with you, and then confirmed this with Attorney Rigo. Federal withholding was the only open issue, but you did not have a preference one way or the other. You accepted $37,500 and Mr. Deratzian conveyed that acceptance. It was confirmed by e-mail. Mr. Deratzian told you that we should have an agreement later in the week. I noted that you left at about 1:30. While you have a say in your settlement, you are <u>required</u> to listen and follow your counsel. We are not required to pursue a case that has no prospect of success and lose it just because you "believe" that you will win.

You apparently called later that afternoon after everyone had left, and sent e-mails, which no one saw the morning of 6th, in which you stated that the case had not been settled. We made several attempts to reach you by phone, and we sent you e-mails asking you to call. You apparently appeared for your deposition, although neither Mr. Deratzian nor the Alkermes attorney was present. Since last week, you have been unresponsive to our attempts to reach you.

As a legal matter, your case was settled once you gave Mr. Deratzian authority to settle, and that authority was conveyed to the attorney for Alkermes. Both of those things happened, and therefore, your case is settled. If we attempt to proceed, Alkermes will file a Motion with the Court asking that you be compelled to finalize the settlement. We would not be in any position to act on your behalf, since it is clear that you did agree to settle the case for $37,500. This was in keeping with our advice to you, and was in your best interests. I want to reiterate that your case was far more likely to result in a verdict in favor of Alkermes, even if a judge allowed the case to go to trial, which was also unlikely. As Mr. Deratzian informed you, we anticipated that the case would be dismissed before trial because the evidence was not in your favor.

I will be contacting you in the very near future to come in to review the Settlement Agreement. If you do not cooperate with the settlement process, we will have no choice but seek to withdraw as your attorneys, and to assert all available rights which we have. Based upon the settlement, we are owed $12,500, which we will seek to collect from you regardless of whether you accept payment from Alkermes. In short, your case is, for all intents and purposes, over. I will give you a chance to finalize this settlement without further delay, and if you contact me **tomorrow** and sign the Agreement when it is prepared, I will work with

you and give you <u>one time only</u> a $2,500 discount on our fee so we will take $10,000 **not** $12,500. This is <u>only if</u> you do not further challenge the settlement.

Very truly yours,

/s/George S. Kounoupis

GSK:dd