# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA TAMBERELLI, | : |
| | : No. 3:16-cv-01681-RDM |
| Plaintiff, | : |
| v. | : Hon. Robert D. Mariani |
| | : |
| ALKERMES, INC., MICHAEL BAUER, MICHAEL BROUSSEAU, and MADELINE COFFIN, | : |
| | : |
| Defendants. | : |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO ENFORCE SETTLEMENT

**I.     INTRODUCTION**

In her Response, Plaintiff correctly identifies the central legal question here as whether a valid settlement contract between the parties was formed. *See* Pl.'s Response at 2 ("[T]he central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement.") (quoting *Dugan v. O'Hara*, 125 F. Supp. 3d 527, 535 (E.D. Pa. 2015)). Plaintiff's legal and factual arguments, however, do nothing to create an issue of disputed material fact as to whether a valid settlement contract was formed. At best, they show only that Plaintiff changed her mind after agreeing to settle her claims against Defendants.

**II.    PLAINTIFF HAS NOT DEMONSTRATED ANY FACTUAL DISPUTE AS TO WHETHER A VALID SETTLEMENT CONTRACT WAS FORMED**

A settlement contract is formed where there is an offer accepted upon valid consideration. *Yarnall v. Almy*, 703 A.2d 535, 538 (Pa. Super. Ct. 1997). Nothing in Ms. Tamberelli's Response remotely challenges the reality that on June 5, 2017, Ms. Rigo made a settlement offer to Plaintiff on Defendant's behalf, and Mr. Deratzian accepted that offer on Plaintiff's behalf, thereby creating a binding settlement contract.

**III.   PLAINTIFF'S ATTEMPT TO CHALLENGE EXPRESS AUTHORITY IS INEFFECTIVE**

Because Plaintiff cannot, in good faith, dispute the fact that the parties formed a valid settlement contract, she instead attempts to challenge the notion that

Mr. Deratzian had her express authority to accept Defendants' settlement offer. Her attempt is ineffective, however, as none of the evidence submitted shows that Mr. Deratzian lacked express authority from her; rather, the evidence demonstrates that Plaintiff had a change of heart shortly after authorizing Mr. Deratzian to accept Defendants' offer.

"[T]here is a rebuttable presumption that a settlement entered into by an attorney has been authorized by the client." *Rockey v. Big Spring Sch. Dist.*, 699 A.2d 1331, 1334 (Pa. Commw. Ct. 1997) (*citing Garabedian v. Allstates Eng'g Co.*, 811 F.2d 802, 803 (3d Cir. 1987)).  Where a client raises a dispute regarding an attorney's authority to settle a case, "a court may find express authority . . . where it is clear that the real motive for challenging a settlement involved a change of heart." *Dugan*, 125 F. Supp. 3d at 537 (emphasis added).

The documentary evidence submitted does nothing to rebut the presumption that Mr. Deratzian had express authority from Plaintiff to accept a settlement.  In fact, it demonstrates that Plaintiff authorized the settlement, and her real motive for later challenging it is that she had buyer's remorse:

- On the afternoon of June 5, 2017, Plaintiff was present with Mr. Deratzian in his office, negotiating settlement with Defendants, and Mr. Deratzian accepted Defendants' settlement offer by phone to Ms. Rigo. (Decl. of D. Deratzian ¶¶ 6-8).

2

- On June 5, 1:35 p.m., Ms. Rigo confirmed the parties' settlement in an email to Mr. Deratzian, detailing the settlement amount and certain clauses. (Decl. of B. Rigo ¶ 13).

- Three hours later, at 4:06 p.m., Plaintiff emailed Mr. Deratzian, stating "TODAY DOES NOT FEEL RIGHT TO ME. SUCH CROOKS." (Decl. of Pl., Exh. A).

- Six minutes later, at 4:12, and again at 4:13 p.m., Ms. Tamberelli claims she tried to contact Mr. Deratzian by phone. (Decl. of Pl., ¶ 26).

- One minute after the second phone call, at 4:14 p.m., Ms. Tamberelli emailed Mr. Deratzian and advised, "I need more time. This cannot be sprung on me. This is pure evil." (Decl. of Pl., Exh. A).

- Two hours and ten minutes later, at 6:24 p.m., Plaintiff emailed Mr. Deratzian, stating, "I'M NOT SIGNING ANYTHING… PERIOD. I NEED TO SPEAK WITH GEORGE!" (Decl. of Pl., Exh. A).

- The following day, on June 6, at 9:47 p.m., Plaintiff emailed Mr. Deratzian and advised that upon appearing for her deposition, she was told by Defendants' counsel that she "signed a deal." (Decl. of Pl., Exh. B). She claimed, "I stated the opposite in 3 emails to you yesterday at the times of 16:06, 16:14, & 18:24. I also called you twice." *Id.*

Plaintiff urges the Court to "examine the parties' '*outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions.*'" Response at 3 (citing *Dugan*, 125 F. Supp. 3d at 535-536) (emphasis added). As demonstrated by the contemporaneous documentary evidence submitted by Plaintiff, it is clear that the parties entered into a binding settlement agreement, that Mr. Deratzian had Plaintiff's express authority to do so, and that

3

Plaintiff's real motivation for challenging the settlement was a change of heart later in the day after accepting Defendants' offer. Neither Plaintiff's feelings about Defendants nor her regret for agreeing to something that was "sprung" on her can void the parties' valid contract.[1] *See Giambra v. Storch*, Civ. A. No. 14-1084, 2015 WL 3651688, at *3 (M.D. Pa. June 11, 2015) ("A settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing.").

For these reasons, Defendants' Motion to Enforce should be granted.

## IV. PLAINTIFF HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE

Defendants anticipate that Mr. Deratzian will be called as a witness at the evidentiary hearing on the instant Motion. (*See* Order of October 31, 2017 ¶ 4). Since Plaintiff waived the attorney client privilege vis-à-vis her discussions with Mr. Deratzian in her filed Declaration and in the Declaration of Ms. Domingo, Mr. Deratzian will be able to freely testify at that hearing about the specifics of his

---

[1] Plaintiff's suggestion in her Response that Defendants conspired with Mr. Deratzian and his firm to force Plaintiff to settle is absurd. Moreover, it is premised on utterly incorrect facts. Mr. Kounoupis never worked at Littler Mendelson. Further, Mr. Deratzian does not have a "30-year relationship with Barbara Rigo." (*See* Decl. of Pl. ¶ 5). Indeed, Ms. Rigo has not been practicing law for thirty years, and the last time Ms. Rigo handled a case where Mr. Deratzian represented a party prior to this one was in the early 2000s.

conversations with Plaintiff on June 5, 2017.  See *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (providing that privilege is waived where client asserts claim or defense and attempts to prove that claim or defense by disclosing or describing attorney-client communication).  Further, Mr. Deratzian will be able to offer the additional attorney-client privileged proofs referenced in his Declaration. (*See* Decl. of D. Deratzian ¶ 16).

## V.   CONCLUSION

For the foregoing reasons, and those set forth in their initial Brief, Defendants respectfully request that the Court enter an Order enforcing the settlement as agreed upon by the parties on June 5, 2017.

*s/ Paul J. Sopher*
Barbara Rittinger Rigo (PA 76630)
Paul J. Sopher (PA 313543)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
brigo@littler.com
psopher@littler.com

Dated:  November 21, 2017            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2017, the foregoing Defendants' Reply Brief in Further Support of Their Motion to Enforce Settlement, was filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                            *s/ Paul J. Sopher*
                                            Paul J. Sopher