# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA TAMBERELLI,

        Plaintiff,

v.

ALKERMES, INC., et al.,

        Defendants.

3:16-CV-1681
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter involves claims asserted by Plaintiff, Dana Tamberelli, arising out of the termination of her employment with Alkermes, Inc., in 2015. (Doc. 21). On June 5, 2017, a purported settlement was reached through negotiations between one of Plaintiff's attorneys, David Deratzian, and one of Defendants' attorneys, Barbara Rigo. Plaintiff, however, denies every authorizing Deratzian to accept the proposed settlement offer. As a result, Defendants have filed a Motion to Enforce Settlement. (Doc. 31). Soon thereafter, Plaintiff's attorneys, through Attorney George Kounoupis, filed a Motion seeking to withdraw as counsel and to intervene in this case. (Docs. 33 & 34). On July 5, 2017, this Court granted the Motion to Withdraw, stayed the matter to allow Plaintiff an opportunity to find new counsel, and ordered Kounoupis to brief his Motion to Intervene. (Doc. 38). Kounoupis filed his brief in support of his Motion on July 7, 2017. (Doc. 39). Plaintiff subsequently obtained new counsel, and they have now briefed her opposition to Kounoupis's Motion.

(Doc. 51). Upon review of the parties' filings, and for the reasons that follow, the Court will deny Kounoupis's Motion to Intervene.

## II. BACKGROUND

On June 10, 2015, Plaintiff was allegedly terminated from her employment for unlawful reasons. (Doc. 21 at ¶ 45). Sometime in late July or early August of that year, Plaintiff retained the firm of Hahalis & Kounoupis, PC, to represent her on claims arising out of her termination. (Doc. 34 at ¶ 2; Doc. 35 at ¶ 2). Plaintiff signed a fee agreement with Hahalis & Kounoupis, on August 6, 2015. (Doc. 33 at 8-9). Although Kounoupis was the only attorney who entered his appearance on Plaintiff's behalf, another attorney at the firm, Deratzian, was assigned Plaintiff's file. (Doc. 34 at ¶ 3; Doc. 35 at ¶ 3).

On June 5, 2017, Plaintiff met with Deratzian at his office to prepare for her deposition that was scheduled for June 6, 2017. (Aff. of Dana Tamberelli, Doc. 52 at ¶¶ 6, 10; Aff. of David Deratzian, Doc. 31-3 at ¶¶ 6-7). Although exactly what transpired next is disputed, the parties appear to agree that Deratzian, outside of Plaintiff's presence, placed several phone calls with one of Defendants' attorneys, Barbara Rigo, and engaged in settlement negations. (Aff. of Dana Tamberelli, Doc. 52 at ¶ 23; Aff. of David Deratzian, Doc. 31-3 at ¶¶ 5-7). Deratzian asserts that he, with express authority from Plaintiff to do so, accepted a settlement offer during his third phone call with Rigo. (Aff. of David Deratzian, Doc. 31-3 at ¶¶ 8-9). Plaintiff asserts that she unequivocally rejected the three settlement offers that Deratzian brought to her and that she never authorized anyone to

2

settle her case. (Aff. of Dana Tamberelli, Doc. 52 at ¶¶ 21-24, 32). According to Plaintiff, she left the office after rejecting the third offer, and was informed by one of Defendants' attorney that the case had settled when Plaintiff arrived at their office the next day to be deposed. (*Id.* at ¶¶ 23-24, 27).

On June 15, 2017, Plaintiff discharged her attorneys at Hahalis & Kounoupis, PC. (Doc. 34 at ¶ 16; Doc. 35 at ¶ 16). Not long after, Defendants filed a Motion to Enforce Settlement. (Doc. 31). Kounoupis's Motion to Intervene soon followed. (Docs. 33, 34).

### III. DISCUSSION

Federal Rule of Civil Procedure 24 governs a nonparty's right to intervene in litigation. The Rule provides, in pertinent part, as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> > **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> >
> > > **(A)** is given a conditional right to intervene by a federal statute; or

> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24. Kounoupis does not claim that he has a right to intervene under subsection (a) of Rule 24. (Doc. 39); *See generally Susquenita Sch. Dist. v. G.W. ex rel. A.P.*, 2012 WL 1268219 (M.D. Pa. 2012) (holding that a plaintiff's former lawyer had no right to intervene under Rule 24(a) when her only interest in the case was recovering fees from her fee agreement with the plaintiff). Instead, Kounoupis requests that this Court allow him to intervene under subsection (b). (Doc. 39 at 2).

Although Rule 24(b) "provides a simple test for determining when a court may exercise its discretion to permit intervention . . . satisfaction of this test does not automatically result in the allowance of permissive intervention." *Pierson v. United States*, 71 F.R.D. 75, 81 (D. Del. 1976). "Instead, that decision is committed to sound judicial discretion." *Id.* "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). The Court should also consider other "factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation." *Benjamin v. Dep't of Pub. Welfare of the Commonwealth*, 267 F.R.D. 456, 465 (M.D. Pa. 2010).

According to Kounoupis, his firm is "requesting leave to intervene in this action for the limited purpose of seeking enforcement of the Fee Agreement in the event that the Court enforces the settlement between Ms [sic] Tamberelli and the Defendants." (Doc. 39

at 2). Kounoupis argues that "[w]ithout intervention, the Court may well deem the case settled, order payment to Plaintiff, who lacking any incentive or willingness to protect our interests, may well dissipate the fund leaving her counsel without any legal or equitable remedy." (*Id.* at 6). On this basis, Kounoupis's Motion is premature. The Court has yet to rule on the Motion to Enforce Settlement, and thus Kounoupis's stated interest in intervening—that is to seek "enforcement of the Fee Agreement *in the event that the Court enforces the settlement*"—has not yet ripened.

Nonetheless, even if the Motion was timely, the Court is of the view that allowing Kounoupis to intervene would be unwise. The validity and enforceability of Plaintiff's agreement with Hahalis & Kounoupis, along with the issue of whether the agreement was breached, are purely ancillary to Plaintiff's claims in this matter. Further, any claim Kounoupis may have against Plaintiff arising out of the fee agreement presents issues of state, not federal, law. Thus, allowing Kounoupis to intervene would inject in this proceeding issues of state law regarding a fee dispute that has yet to materialize and has only the most attenuated connection to Plaintiff's lawsuit. Accordingly, the correct course of action is for Kounoupis to pursue his claims for breach of the fee agreement in state court when such claims arise. *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1995).

## IV. Conclusion

For the reasons outlined above, this Court will deny Kounoupis's Motion to Intervene. A separate Order follows.

Robert D. Mariani
United States District Judge