# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA TAMBERELLI,

    Plaintiff,

v.                              3:16-CV-1681
                                  (JUDGE MARIANI)

ALKERMES, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter involves claims asserted by Plaintiff, Dana Tamberelli, arising out of the termination of her employment with Alkermes, Inc., in 2015. (Doc. 21). On June 5, 2017, a purported settlement was reached through negotiations between one of Plaintiff's attorneys, David Deratzian, and one of Defendants' attorneys, Barbara Rigo. Plaintiff, however, denies ever authorizing Deratzian to accept the proposed settlement offer. As a result, Defendants have filed a Motion to Enforce Settlement. (Doc. 31). A hearing was held on the Motion on December 21, 2017. For the reasons that follow, the Court will deny Defendants' Motion to Enforce Settlement.

### II. BACKGROUND

Despite the lengthy presentations at the hearing, the facts of this dispute are simply stated. On June 10, 2015, Plaintiff was allegedly terminated from her employment for unlawful reasons. Sometime in late July or early August of that year, Plaintiff retained the

firm of Hahalis & Kounoupis, PC, to represent her on claims arising out of her termination. Although Kounoupis was the only attorney who entered his appearance on Plaintiff's behalf, another attorney at the firm, Deratzian, was later assigned Plaintiff's file.

Deratzian testified that on June 5, 2017, Plaintiff came to his office for the purpose of preparing for her deposition. During that meeting, Deratzian broached the topic of settlement with Plaintiff, and Plaintiff agreed to consider settling her case. Deratzian made several calls to Rigo with settlement offers. Rigo eventually made a counteroffer of $37,500 and expressed that Defendants would not settle the case for more than that amount. According to Deratzian, he took that offer to Plaintiff, who was in Deratzian's conference room, and Plaintiff accepted it. Deratzian then communicated Plaintiff's acceptance to Rigo.

Plaintiff also testified that she went to Deratzian's office on June 5, 2017, and that she talked with him about settling her case. According to Plaintiff, however, she expressly turned down every offer that Deratzian brought to her, including the offer of $37,500, and never gave Deratzian the authority to accept any settlement offer on her behalf.

### III. DISCUSSION

Motions to enforce settlement agreements are subject to the same standard applicable to motions for summary judgment. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991); *Dugan v. O'Hara*, 125 F. Supp. 3d 527, 535 (E.D. Pa. 2015). The Court "must treat all the non-movant's assertions as true, and 'when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.'" *Tiernan*, 923 F.2d at

1032 (quoting *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)). "Thus, in order to prevail on a motion to enforce a settlement, the movant must demonstrate that there are no disputed material facts regarding the terms and existence of the contract." *Long v. EquiCross, Inc.*, 2014 WL 1391041, at *2 (W.D. Pa. 2014) (citing *Tiernan*, 923 F.2d at 1031-32).

"Settlement agreements are essentially contracts, and basic contract principles apply to their interpretation." *Williams v. Patterson-UTI Drilling Co.*, 2013 WL 5274860, at *1 (M.D. Pa. 2013). Under Pennsylvania law, "[t]he essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds." *Riviello v. First Nat'l Cmty. Bank*, 2013 WL 1348259, at *1 (M.D. Pa. 2013). "As with all contracts, in the formation of an enforceable settlement agreement, 'the minds of the parties should meet upon all of the terms, as well as the subject-matter.'" *Id.* (quoting *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999)). "If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce." *Id.*

In addition, Pennsylvania law requires that "an attorney must have express authority to settle a cause of action for the client." *See Polzer v. Allegheny Cty.*, 599 F. App'x 425, 426 (3d Cir. 2015) (quoting *Rothman v. Fillette*, 469 A.2d 543, 545 (Pa. 1983)). "'Express authority' empowering an attorney to settle a client's claim 'must be the result of explicit instructions regarding settlement.'" *Pisarz v. PPL Corp.*, 2014 WL 220778, at *1 (M.D. Pa. 2014) (quoting *Tiernan*, 923 F.2d at 1033). "An attorney-client relationship does not, without

3

more, confer upon the attorney the authority to settle his client's case." *Smith v. Del. Valley Auto Spring Co.*, 642 F. Supp. 1112, 1115 (E.D. Pa. 1986). Accordingly, "an attorney may not enter a settlement on behalf of his client without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." *Polzer*, 599 F. App'x at 426-27 (quotation marks omitted).

Here, there is an undeniable dispute as to whether Plaintiff gave Deratzian authority to accept Defendants' settlement offer. Deratzian testified that Plaintiff gave her the authority to accept Defendants' offer of $37,500. Plaintiff, however, unequivocally testified that she turned down every offer Deratzian brought to her attention and never gave him authority to settle the case on her behalf. While much of the parties' questioning at the hearing seemed to be aimed at establishing the credibility of one witness over another, this evinces a misunderstanding of the applicable standard that must be applied by the Court. Applying the standard as laid out above, the Court "may not make credibility determinations or weigh the evidence." *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). Instead, the Court's only role is to determine whether a dispute of material fact exists as to the existence of a settlement. *See Dugan*, 125 F. Supp. 3d at 535. Because the testimony at the hearing demonstrates a clear dispute as to whether Plaintiff authorized Deratzian to accept Defendants' offer, the Court

will deny Defendants' Motion to Enforce. Indeed, the Court cannot do otherwise in light of the mandate in *Dugan* that "the non-movant's assertions must be treated as true; the non-movant must be given the benefit of the doubt when their assertions conflict with the movant's assertions." *Id.* Consistent with the summary judgment standard, Plaintiff, as the non-movant, "provide[d] evidentiary support" for her assertions she relied on in opposing Defendants' Motion. *Id.*

Thus, this Court may not, and has not, made credibility determinations with respect to the testimony presented nor weighed the evidence in reaching its determination in this case.

## IV. CONCLUSION

For the reasons outlined above, this Court will deny Defendants' Motion to Enforce Settlement. A separate Order follows.

Robert D. Mariani
United States District Judge